## MOORE v. THE STATE.

1. There was sufficient evidence to warrant the verdict returned in this case.

2. A ground of a motion for a new trial alleging error in admitting testimony should disclose what this testimony was.

3. It is in a criminal case proper to refuse a request to give a charge not warranted either by the evidence or the statement of the accused.

4. A new trial will not be granted because of a refusal of a request to charge, when it is fully covered in the general instructions given to the jury.

5. The charge complained of as intimating an opinion upon the evidence was not open to this objection.

6. There was no merit in the ground of the motion for a new trial based on newly discovered evidence.

Argued November 18, — Decided December 10, 1901.

Indictment for murder. Before Judge ˙Butt. Harris superior court. August 6, 1901.

*J. B. .Burnside, J. R. Terrell*, and *H. V. Hargett*, for plaintiff in error. *S. P. Gilbert, solicitor-general*, contra.

LUMPKIN, P. J. After conviction of the offense of voluntary manslaughter upon an indictment for murder, Louis Moore filed a motion for a new trial, which was overruled, and he excepted.

1. The first three grounds of the motion complained that the verdict was against the evidence and without evidence to support it. As to them, it is sufficient to say that a careful reading of the

testimony satisfies this court that the verdict was fully warranted.

2. In the 4th ground of the motion it is alleged that the court erred in admitting the testimony of a named witness, but the movant did not set forth what this testimony was. This ground can not, therefore, be considered as presenting any question for determination.

3. Counsel for the accused requested the court to charge as follows: "If you believe that the State's witness, Crawford Moore, was an accomplice, you can not convict this defendant upon his (Crawford Moore's) testimony, unless his testimony was corroborated by other evidence or circumstances." This request was properly refused. There was nothing, either in the evidence or in the statement of the accused, which would have warranted a finding that the witness mentioned was an accomplice of the accused in committing the homicide.

4. Counsel for the accused also presented to the court a written request to charge relating to the law of dying declarations. This request was refused. A new trial should not, however, for this reason be granted; for though the request embraced a substantially correct statement of the law, the same was fully covered in the general instructions given by the court to the jury.

5. The indictment alleged that the homicide was committed with a pistol. The main ground of defense was that the accused did not do the shooting. Among other things, the court charged : "If, . . as is claimed by the defendant, that he did not do the shooting, and that you can determine from the number of shots fired upon that occasion, you may look to his own statement; look to the testimony of the other witnesses." Complaint is made that this charge was erroneous, because it "consists in the court intimating to the jury what had been proved, by instructing them that they could determine from the number of shots fired upon that occasion whether the defendant did the shooting." There was no dispute that more than one shot was fired ; and this being so, we do not think the charge is open to the criticism made upon it. The judge did not intimate any opinion as to whether or not the shooting was done by the accused, which was the real issue in controversy. The jury were instructed that they might, from the number of shots fired, determine whether or not the accused did the shooting. This instruction may not have furnished a correct guide to be fol-

lowed by the jury in determining the guilt or innocence of the accused, but no complaint is made of it on that ground. Certainly it did not contain any intimation as to what was the truth concerning any matter at issue in the case.

6. The last ground of the motion for a new trial is predicated upon newly discovered evidence. The effect of this evidence, had it been introduced at the trial, would simply have been to impeach Crawford Moore, a witness for the State. Clearly, therefore, the trial judge did not err in holding that the newly discovered evidence was not of sufficient importance to demand a new trial.

*Judgment affirmed. All the Justices concurring.*